UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

SIRSHUN DONTRELL BURRIS,

        Plaintiff,                            Case No. 1:22-cv-1011

v.                                             Honorable Paul L. Maloney

JOSEPH KOVAC et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a federal prisoner under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. (ECF No. 4.) Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

**I.**      **Factual Allegations**

Plaintiff is presently incarcerated with the Federal Bureau of Prisons (BOP) at the Federal Correctional Institution (FCI) Gilmer in Glenville, West Virginia. The events about which he

complains, however, occurred in Berrien County, Michigan, and relate to his arrest and prosecution. Plaintiff sues the Southwest Enforcement Team (SWET) and the following members of the Berrien County Sheriff's Department who are part of SWET: Detectives Joseph Kovac and Eric Hyun, Lieutenant Chad Mitchell, Sergeant Shawn Yech, and Deputy Unknown Gauthier.

Plaintiff is currently serving 180 months of incarceration after being convicted in this Court of methamphetamine-related offenses and being a felon in possession of a firearm. Judgment, *United States v. Burris*, No. 1:19-cr-272 (W.D. Mich. June 23, 2020), (ECF No. 90). In his complaint, Plaintiff alleges that Defendants violated his Fourth and Fourteenth Amendment rights when they served a search warrant at his home. (ECF No. 1, PageID.3.) Plaintiff contends that the search warrant had the name Douglas Davis, Jr., on it, and that the search led to Plaintiff's arrest. (*Id.*) Plaintiff also alleges that Defendants fabricated a police report on October 23, 2019. (*Id.*)

Plaintiff was initially charged in state court, but his state charges got dismissed in favor of federal prosecution. (*Id.*) He contends that the SWET violated a body camera ordinance "but made statements that they did surveillance." (*Id.*) Plaintiff avers that all Defendants "made conflicting statements from the state preliminary examination to federal jury trial." (*Id.*) For example, Plaintiff claims that Defendant Kovac testified that Plaintiff sold him drugs on October 8, 2019, but when "he executed the search warrant for [Plaintiff's] home he didn't have [a] warrant for [Plaintiff's] arrest and there still is not one to this day." (*Id.*) Defendant Gauthier testified that he "took a gun off" of Plaintiff, but Plaintiff "obtained video footage of him admitting that [Plaintiff] gave it to him." (*Id.*) Plaintiff also faults Defendants Hyun and Mitchell for making conflicting statements about Plaintiff "running out the back door of [his] home" during trial when they previously said that Plaintiff was in the back yard. (*Id.*)

2

Plaintiff contends that Davis was his "alleged codefendant [who] was the focal point" of the surveillance. (ECF No. 1-1, PageID.6.) He alleges that there was no evidence that Davis was ever on his property. (*Id.*) Plaintiff claims that his mother "is the commissioner of Benton Harbor" and that Defendant Gauthier told her that Plaintiff "handed him the gun and that [Plaintiff] was very cooperative." (*Id.*) Plaintiff avers that he has been incarcerated for three years because of Defendants' actions. (*Id.*) He suggests that Defendants and the federal prosecutor were able to fabricate the whole incident because of the lack of body cameras. (*Id.*) Plaintiff believes that if any one of Defendants had worn a body camera, he would not be incarcerated. (*Id.*)

As relief, Plaintiff seeks release from incarceration, restoration of good time, and expungement of his record. (ECF No. 1, PageID.4.) He also requests $1,000.00 for each day that he has been incarcerated, which, at the time he filed his complaint, he claims would equal $1.5 million. (*Id.*)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff sues Defendants for constitutional violations that allegedly occurred during Plaintiff's federal prosecution and requests, *inter alia*, release from incarceration. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (discussing that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (concluding that dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23–

24 (7th Cir. 1997) (discussing that the reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

Moreover, Plaintiff seeks monetary relief, as well as injunctive relief in the form of having his record expunged. In *Heck*, however, the Supreme Court held that a state prisoner cannot assert a cognizable claim for damages under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless he or she shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87 (footnote omitted). *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646–48 (1997) (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189–90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief).

A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal for failure to state a claim on which relief can be granted. *See Hunt v. Michigan*, 482 F. App'x 20, 22 (6th Cir. 2012) (concluding that a claim barred by *Heck* is properly dismissed for failure to state a claim); *Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (same). However, such a dismissal would be without prejudice. *Sampson v. Garrett*, 917 F.3d 880, 882–83 (6th Cir. 2019) (citing *Taylor v. First Am. Bank-Wayne*, 973 F.2d 1284, 1289 (6th Cir.

5

1992)). Accordingly, the Court will dismiss without prejudice Plaintiff's complaint for failure to state a claim.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed without prejudice for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:   January 20, 2023                                /s/ Paul L. Maloney
                                                          Paul L. Maloney
                                                          United States District Judge